Scott A. McMillan, SBN 212506
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200
La Mesa, CA 91941-5230
Tel (619) 464-1500 x 14 // Fax (206) 600-5095
email: scott@mcmillanlaw.us

Alan Alexander Beck, SBN 276646
Attorney at Law
4780 Governor Drive
San Diego, CA 92122
Telephone: (619) 971-0414
Email: ngord2000@yahoo.com

Attorneys for Dimitirios Karras

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS KARRAS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>WILLIAM D. GORE, SHERIFF, in his official capacity, COUNTY OF SAN DIEGO, a municipal corporation, UNKNOWN SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FACEBOOK FAN PAGE ADMINISTRATORS I THROUGH V, in their individual and official capacities, inclusive, DOES VI THROUGH XX, inclusive,<br><br>  Defendants. | Case No.  '14CV2564 BEN KSC<br><br>COMPLAINT FOR DAMAGES, DEPRIVATION OF CIVIL RIGHTS, DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983) AND THE CONSTITUTION OF THE STATE OF CALIFORNIA<br><br>Jury Trial Demanded |

Plaintiff alleges as follows:

**GENERAL ALLEGATIONS**

1. This Court has subject matter jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202. This Court has supplemental jurisdiction

over state law claims under 28 U.S.C. § 1367.

2.     Plaintiff is informed and believes, and based thereon alleges, that Defendant COUNTY OF SAN DIEGO, sued in its capacity as a municipal corporation, is a municipal corporation incorporated under the laws of the State of California, and a person subject to liability under 42 U.S.C. § 1983.

3.     Plaintiff is informed and believes, and based thereon alleges that Defendant SHERIFF WILLIAM D. GORE, sued in his official capacity is, at all times relevant herein, an agent acting under color of state law, and a person subject to liability under 42 U.S.C. § 1983.

4.     Plaintiff is informed and believes, and based thereon alleges that Defendants designated as UNKNOWN SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FACEBOOK FAN PAGE ADMINISTRATORS I THROUGH V, inclusive, sued in their official and individual capacities are, at all time relevant herein, agents acting under color of "state" law, and are persons subject to liability under 42 U.S.C. § 1983, and are responsible, in some manner, for the events and happening described herein. The true names and capacities of the various UNKNOWN SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FACEBOOK FAN PAGE ADMINISTRATORS are not currently known to Plaintiff. Plaintiff will amend this complaint to reflect the true names and identities of the aforementioned parties at such time as they become known.

5.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, including UNKNOWN SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FACEBOOK FAN PAGE ADMINISTRATORS, sued in both their personal and official capacity, inclusive, were the agents, servants, employees, successors, assignees, transferees, and/or joint venturers of its co-defendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or joint venture and was acting with the consent, permission and authorization of each of the remaining Defendants. Also, Defendants, when acting as a principal, may have been negligent in the

selection and hiring of each and every other Defendant as agent, employee and/or joint venturer. All actions of each Defendant as alleged herein were ratified and approved by every other Defendant or its officers or managing agents.

6. Defendants, DOES VI THROUGH XX, inclusive, were at all relevant times employees of Defendants, and in doing the acts herein described, acted within the course of scope of their employment with Defendants.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES VI THROUGH XX, inclusive, and therefore, sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

8. This Court has personal jurisdiction over Defendant COUNTY OF SAN DIEGO because it is a municipal corporation incorporated under the laws of the State of California.

9. This Court has personal jurisdiction over Defendants SHERIFF WILLIAM D. GORE, in his official capacity, UNKNOWN SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FACEBOOK FAN PAGE ADMINISTRATORS, inclusive, in their individual and official capacities, and DOES VI THROUGH XX, inclusive, because they are agents of a municipal corporation incorporated under the laws of the State of California.

10. This Court also has personal jurisdiction over each of the Defendants because Plaintiff alleges that they, inter alia, acted under the color of state laws, policies, customs, and/or practices of the County of San Diego, a municipal corporation.

11. Plaintiff Dimitrios Karras is an individual, residing in the County of San Diego, California.

12. Venue is proper under 28 U.S.C. § 1391.

13. Plaintiff hereby demands a jury trial under Fed. R. Civ. P. 38(b).

## FACTUAL ALLEGATIONS

14. Defendants operate a Facebook fan page for the San Diego County

Sheriff's Department, where it invites the Internet community to share its opinions on "on any topic to post anything they want on their social media accounts" via comment postings on its Facebook fan page. San Diego County Sheriff's Department, https://www.facebook.com/sdsheriff (last visited Oct. 10, 2014). Plaintiff attaches a printed image of the "General Information" section of the Facebook fan page hereto as Exhibit One. Exhibit One is specifically incorporated herein as is restated verbatim herein:

> **About**
>
> Sheriff Bill Gore - Official San Diego County Sheriff's Department - This is a non-emergency communications tool. In an emergency dial 9-1-1.
>
> **Description**
>
> The San Diego County Sheriff's Department is the chief law enforcement agency in San Diego County. The department is comprised of approximately 4,000 employees, both sworn officers and professional support staff. The department provides general law enforcement, detention and court services for the people of San Diego County in a service area of approximately 4,200 square miles. In addition, the department provides specialized regional services to the entire county, including the incorporated cities and the unincorporated areas of the county.
>
> **SHERIFF'S ROLE**
>
> The Sheriff, elected by the residents of San Diego County, is the chief executive of the department. He manages seven major detention facilities as well as eight major patrol stations, four patrol

substations, a crime laboratory and an array of support operations necessary to provide full law enforcement coverage for the County of San Diego.

**GENERAL SERVICE AREAS**

The San Diego County Sheriff's Department is organized into six general service areas which includes the following:

|Office of the Sheriff
|Law Enforcement Services
|Detention Facility Services
|Court Services
|Human Resource Services
|Management Services

**Law Enforcement Services**

The San Diego County Sheriff's Department provides contract law enforcement services for the cities of Del Mar, Encinitas, Imperial Beach, Lemon Grove, Poway, San Marcos, Santee, Solana Beach and Vista. In these cities the Sheriff's Department serves as their police department, providing a full range of law enforcement services including patrol, traffic and investigative services.

In the unincorporated (non-city) areas, the Sheriff's Department provides generalized patrol and investigative services. The California Highway Patrol has the primary jurisdiction for traffic services in unincorporated areas.

**Detention Services**

The San Diego County Sheriff's Department operates seven detention facilities. Male arrestees are booked at the San Diego Central Jail and Vista Detention Facility, while female arrestees are booked at the Las Colinas and Vista Detention Facilities. The remaining jails house inmates in the care of the Sheriff.

In order to provide critical services to a daily inmate population over 5,000, the Detention Services Bureau is supported by a state-of-the-art food services production center, comprehensive medical services, laundry, commissary, and inmate processing services. The Inmate Services Division provides a number of educational and rehabilitative programs aimed at improving the reentry success of those returning to our communities.

**Court Services**

In January 2000, the former San Diego County Marshal's Office merged with the Sheriff's Department. Since that time, the Sheriff has provided court security and related services for the San Diego Superior Court at several locations throughout the county.

**General Information**

We are not opposed to dissenting opinions on topics we post, but we ask that our social conversations remain civil, respectful and on-topic. Many of our postings concern matters of employee and volunteer successes. We believe it is the height of incivility to use

> those opportunities to vent about unrelated topics or offer unrelated insults. We are respectful of the right we all have to free speech. We invite any users with opinions on any topic to post anything they want on their social media accounts. We simply ask for a degree of civility when making comments on our pages. Any user would likely expect the same of those posting made by others to their pages. Comments on topics outside these postings may be directed to the Sheriff's Department via http://www.sdsheriff.net/
>
> For information about job opportunities with the Sheriff's Department, visit http://www.joinsdsheriff.net/

15. Plaintiff alleges that Defendants have a policy and custom to screen comments after they are posted by individual members of the community, and later manipulates the nature of discussion by deleting those comments that are unfavorable to the Defendants, and by keeping comments that are favorable for display to the public.

16. On or about September 2, 2014, Plaintiff posted a comment on the San Diego County Sheriff's Department's ("Sheriff's Department") Facebook fan page.

17. Within the hour, Defendants removed Plaintiff's comment and banned Plaintiff from posting on the Sheriff's Department Facebook fan page.

18. On or about September 3, 2014, Plaintiff called Defendants and asked for clarification on the removal of his comment and subsequent banning of his personal Facebook account.

19. Defendant UNKNOWN SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FACEBOOK FAN PAGE ADMINISTRATOR I, a female, informed Plaintiff that she "knew who [Plaintiff] was," and that she would not allow Plaintiff to post on the Sheriff's Department Facebook fan page.

20. On September 3, 2014, under the alias "Jim Block," Plaintiff posted political commentary in the form of a comment on the Sheriff's Department Facebook fan page under a post entitled "#Brake4Buses." Plaintiff's comment comprised of the following:

> Sheriff Gore: Do you plead the 5th about your involvement in the MURDER of an unarmed woman who was holding her baby? REMEMBER RUBY RIDGE.

Plaintiff attaches a printed image of the comment hereto as Exhibit Two. Exhibit Two is specifically incorporated herein as is restated verbatim herein.

21. Less than an hour later, on September 3, 2014, Defendants censored Plaintiff's criticism of Defendant SHERIFF WILLIAM D. GORE, by removing Plaintiff's comment. Plaintiff attaches a printed image of the Sheriff's Department Facebook fan page that shows government censorship hereto as Exhibit Three. Exhibit Three is specifically incorporated herein as it is restated verbatim herein.

22. Defendants provided Plaintiff no notice or opportunity to be heard.

23. On or about September 4, 2014, Plaintiff sent a letter to Defendants, alleging that Defendants have violated the First Amendment by censoring Plaintiff's political commentary. Plaintiff attached a printed image of the letter hereto as Exhibit Four. Exhibit Four is specifically incorporated herein as if it was restated verbatim herein.

24. Despite receiving Plaintiff's letter, and being on notice of First Amendment violations, Defendants continue to cherry-pick comments on the Sheriff's Department Facebook fan page in order to cultivate a self-serving political image. Defendants continue to punish those that fail to conform to the government message by banning them from further discussion.

25. In fact, Defendant SHERIFF WILLIAM D. GORE and/or Defendants UNKNOWN SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FACEBOOK FAN PAGE ADMINISTRATORS I THROUGH V, inclusive, having final policy-making authority on the municipal corporation's administration of the Sheriff's Department Facebook fan page, ratified the decision to delete Plaintiff's posts and to ban Plaintiff from continued discourse in an act of official government policy.

26. Plaintiff alleges that Defendants have established a policy and custom to continue to engage in wide-spread censorship of political commentary under the name of "civility" on the Sheriff's Department Facebook fan page. Plaintiff also alleges that this is standard operating procedure for Defendants.

27. Plaintiff also alleges that Defendants have established a policy and custom to select and retain desirable comments that praise the Defendants, and that Defendants delete those that do not, as standard operating procedure. Plaintiff attaches a printed image of the Sheriff's Department Facebook fan page that shows positive comments as Exhibit Five. Exhibit Five is specifically incorporated herein as if it was restated verbatim herein.

28. Plaintiff lost valuable time investigating Defendants' First Amendment violations and notifying Defendants of its First Amendment Violations. Accordingly, Plaintiff has suffered unnecessary damages in lost productivity.

29. Plaintiff suffered irritation, shame, and humiliation of being denied the same access to a public forum, as any citizen of the United States should enjoy.

30. Defendants, by denying Plaintiff's political speech, caused Plaintiff to lose a critical opportunity to communicate on topics of importance to society.

# FIRST CAUSE OF ACTION

**CLAIM FOR DAMAGES FOR VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**

(Against All Defendants)

31. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I. The protections afforded in the First Amendment are within the protective scope of 42 U.S.C § 1983. Cinevision Corp. v. City of Burbank, 745 F.2d 560, 566 (9th Cir. 1984). Therefore, actions by police officers that amount to retaliation against persons for criticizing government officials violates the First Amendment, and creates a cause of action under 42 U.S.C. § 1983. See Hale v. Townley, 19 F.3d 1068, 1073 (5th Cir. 1994).

32. If a plaintiff seeks injunctive relief, irreparable harm is presumed if he alleges First Amendment violations, even for "minimal periods of time." See Goldie's Bookstore, Inc. v. Super. Ct. of Cal., 739 F.2d 466, 472 (9th Cir. 1984); Elrod v. Burns, 427 U.S. 347, 373 (1976) (holding that the district court abused its discretion in denying a preliminary injunction remedy for plaintiffs who alleged threats to First Amendment interests in their complaint). Plaintiff so alleges here.

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32, and each and every part thereof with the same force and effect as though set out at length herein.

34. Plaintiff alleges that the Defendants get their authority under state law, and act under the color of state law when they act in their capacity as agents of a municipal corporation.

35. Plaintiff alleges that Defendants operate the Sheriff's Department Facebook fan page in such a fashion that it indiscriminately invites and encourages internet users to engage in discussion within its postings.

36. Plaintiff alleges that Defendants deleted political commentary that was unfavorable to Defendants, and forbade Plaintiff from participating on the Sheriff's Department Facebook fan page for arbitrary reasons. Such speech is core political speech, a form of expression integral to the system of government. See Buckley v. Valeo, 424 U.S. 1, 39 (1976).

37. Plaintiff alleges that Defendants promoted the view-point that Defendants are immune from public criticism by selectively keeping comments that praise Defendants, while eliminating those that cast Defendants in an unfavorable light.

38. As a direct and proximate result of Defendants' actions as described above, Plaintiff has suffered as follows: Plaintiff was compelled to curtail activity and speech protected by the First and Fourteenth Amendment to the United States Constitution. Plaintiff was caused to fear the erosion of his civil liberty and rights as provided by the United States Constitution.

39. Plaintiff alleges that no reasonable police officer, knowing that the First Amendment right to engage in political discourse in a designated public forum is "clearly established," would so wrongly and arbitrarily regulate political discourse in the same manner as Defendants.

40. Plaintiff alleges that Defendants, even after being placed on notice of First Amendment violations, ratified its previous wrongful behavior, and continues its wrongful custom or practice to censor the public debate.

41. Plaintiff alleges that such brazen censorship is not in the public interest.

42. And that Plaintiff is likely to succeed on the merits of the instant case.

43. Plaintiff alleges that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution and that the current cause of action is within this Court's jurisdiction under 42 U.S.C. § 1983.

44. Plaintiff has suffered damages, and requests compensatory and punitive damages against Defendants.

45. Plaintiff also seeks injunctive and declaratory relief against Defendants, for

attorneys' fees pursuant to 42 U.S.C. § 1988, and for such other reasonable and just relief as the law permits.

46. Defendants' conduct was driven by evil motive or intent, or involved a reckless or callous indifference to the constitutional rights of others. Morgan v. Woessner, 997 F.2d 1244, 1255 (9th Cir. 1993). Thus, Plaintiff is entitled to an award of Punitive damages in an amount according to proof of trial.

## SECOND CAUSE OF ACTION
## **DUE PROCESS VIOLATION**
(Against All Defendants)

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, and each and every part thereof with the same force and effect as though set out at length herein.

48. Defendants denied Plaintiff's Due Process rights protected under the Fifth and Fourteenth Amendment to the United States Constitution.

49. Plaintiff alleges that Defendants deleted Plaintiff's comments and banned his further participation of political discussion without any meaningful explanation.

50. Plaintiff alleges that he has no means to appeal the deletion and/or ban or seek relief from a higher authority.

51. Plaintiff alleges that no policies or procedures have been developed or promulgated to help guide Defendants' decisions and actions to protects Plaintiff's First Amendment interests.

52. Plaintiff seeks injunctive and declaratory relief against Defendants, and for such other reasonable and just relief as the law permits.

53. Plaintiff has suffered damages, and requests compensatory and punitive damages.

54. Defendants' conduct was driven by evil motive or intent, or involved a

reckless or callous indifference to the constitutional rights of others. <u>Morgan v. Woessner</u>, 997 F.2d 1244, 1255 (9th Cir. 1993). Thus, Plaintiff is entitled to an award of Punitive damages in an amount according to proof of trial.

## THIRD CAUSE OF ACTION

**CLAIM FOR DAMAGES FOR VIOLATION OF THE CONSTITUTION OF THE STATE OF CALIFORNIA**

(Against All Defendants)

55. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53, and each and every part thereof with the same force and effect as though set out at length herein.

56. This Court has supplemental jurisdiction over this state law claim, under 28 U.S.C. § 1367.

57. Defendants actions, as described above, violated Article 1, Section 2 of the Constitution of the State of California, and Plaintiff is entitled to injunctive and declaratory relief, as well as attorneys fees pursuant to Cal. Code of Civ. Proc. § 1021.5.

58. Plaintiff is informed and believes, and based thereon alleges, that his exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, have been interfered with Defendants, and each of them. Accordingly, Plaintiff may institute and prosecute in his own name and on his own behalf a civil action for damages, including, but not limited to, damages under Cal. Civ. Code § 52 and § 52.1, injunctive relief, for attorneys' fees pursuant to Cal. Civ. Code § 52.1(h), and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights or rights secured, in accordance with Cal. Civ. Code § 52.1.

59. Plaintiff has suffered damages, and requests compensatory and punitive damages.

60.   As the conduct set forth is malicious, oppressive, and fraudulent as such term is used in Cal. Civ. Code § 3295, Plaintiff is entitled to an award of Punitive damages in an amount according to proof at trial.

<u>COUNT 1</u>

**CLAIM FOR DAMAGES FOR VIOLATION OF ARTICLE 1 SECTION 2 OF THE CONSTITUTION OF THE STATE OF CALIFORNIA**

(Against All Defendants)

61.   Article 1, Section 2 (a) of the Constitution of the State of California provides that:

> Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press.

62.   Defendants actions, as described above, violated Article 1, Section 2 of the Constitution of the State of California, and Plaintiff is entitled to injunctive and declaratory relief, as well as attorneys fees pursuant to Cal. Code of Civ. Proc. § 1021.5.

63.   Plaintiff is informed and believes, and based thereon alleges, that his exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, have been interfered with Defendants, and each of them. Accordingly, Plaintiff may institute and prosecute in his own name and on his own behalf a civil action for damages, including, but not limited to, damages under Cal. Civ. Code § 52 and § 52.1, injunctive relief, for attorneys' fees pursuant to Cal. Civ. Code § 52.1(h), and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights or rights secured, in accordance with Cal. Civ. Code § 52.1.

64. Plaintiff has suffered damages, and requests compensatory and punitive damages.

65. As the conduct set forth is malicious, oppressive, and fraudulent as such term is used in Cal. Civ. Code § 3295, Plaintiff is entitled to an award of Punitive damages in an amount according to proof at trial.

## COUNT 2

**CLAIM FOR DAMAGES FOR VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE STATE OF CALIFORNIA**

(Against All Defendants)

66. Article 1, Section 7 of the Constitution of the State of California provides that:

> A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws . . . .
>
> ***
>
> A citizen or class of citizens may not be granted privileges or immunities not granted on the same terms to all citizens.

67. Defendants actions, as described above, violated Article 1, Section 7 of the Constitution of the State of California, and Plaintiff is entitled to injunctive and declaratory relief, as well as attorneys fees pursuant to Cal. Code of Civ. Proc. § 1021.5.

68. Plaintiff is informed and believes, and based thereon alleges, that his exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, have been interfered with Defendants, and each of them. Accordingly, Plaintiff may institute and prosecute in his own name and on his own behalf a civil action for damages,

including, but not limited to, damages under Cal. Civ. Code § 52 and § 52.1, injunctive relief, for attorneys' fees pursuant to Cal. Civ. Code § 52.1(h), and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights or rights secured, in accordance with Cal. Civ. Code § 52.1.

69. Plaintiff has suffered damages, and requests compensatory and punitive damages.

70. As the conduct set forth is malicious, oppressive, and fraudulent as such term is used in Cal. Civ. Code § 3295, Plaintiff is entitled to an award of Punitive damages in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**AS TO THE FIRST AND SECOND CAUSES OF ACTION:**

1. Declaratory judgment that Defendants' administration of the Sheriff's Department Facebook fan page and the policies governing its use violate the First Amendment of the United States Constitution;

2. Declaratory judgment affirming that Defendants' administration of the San Diego County Sheriff's Department Facebook fan page and the policies, customers and/or practices governing this administration violate the Fifth and Fourteenth Amendment of the United States Constitution;

3. For attorneys' fees, statutory fees and costs under 42 U.S.C. § 1988;

4. Compensatory damages; and

5. Punitive damages under 42 U.S.C. § 1983 within the meaning of Morgan, 997 F.2d at 1255.

**AS TO THE THIRD CAUSE OF ACTION:**

1. Declaratory judgment that Defendants' administration of the Sheriff's Department Facebook fan page and the policies governing its use violate the California Constitution;

2. Declaratory judgment that Defendants' administration of the Sheriff's Department Facebook fan page and the policies governing its use violate Article 1, Section 2 of the California Constitution;

3. Declaratory judgment affirming that Defendants' administration of the San Diego County Sheriff's Department Facebook fan page and the policies, customers and/or practices governing this administration violate Article 1, Section 7 of the California Constitution;

4. For attorneys' fees, statutory fees and costs under Cal. Code of Civ. Proc. § 1021.5;

5. For attorneys' fees, statutory fees and costs under Cal. Civ. Code § 52 and § 52.1, including § 52.1(h);

6. Compensatory damages; and

7. Punitive damages for malicious intent and oppressive conduct against Plaintiff.

**AS TO ALL CAUSES OF ACTION:**

1. A temporary restraining order compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiff's deleted posts; to permit Plaintiff to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation who receive notice of this injunction but any person for political speech made on the Sheriff's Department Facebook fan page and/or removing protected speech from the Facebook fan page;

2. Preliminary and/or permanent injunctive relief compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiff's deleted posts; to permit Plaintiff to

participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation who receive notice of this injunction but any person for political speech made on the Sheriff's Department Facebook fan page and/or removing protected speech from the Facebook fan page;

3. Compensatory and/or punitive damages; and

4. Such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully Submitted,

Dated: October 27, 2014          THE MCMILLAN LAW FIRM, A.P.C.

                                 BY:   /s/ Scott A. McMillan
                                       Scott A. McMillan
                                       Attorney for Plaintiff
                                       Dimitrios Karras

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action so determinable.

Dated: October 27, 2014          THE MCMILLAN LAW FIRM, A.P.C.

                                 BY:   /s/ Scott A. McMillan
                                       Scott A. McMillan
                                       Attorney for Plaintiff
                                       Dimitrios Karras