FILED

15 JAN -6 AM 11:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS KARRAS,<br><br>                                   Plaintiff,<br>vs.<br><br>WILLIAM GORE, et al.,<br><br>                                  Defendants. | CASE NO. 14CV2564 BEN (KSC)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Docket No. 6] |

      On October 27, 2014, Plaintiff Dimitrios Karras filed a Complaint against Defendants San Diego County Sheriff Bill Gore and San Diego County ("the Department"). (Docket No. 1.) On October 29, 2014, Plaintiff filed a request for a Temporary Restraining Order and Preliminary Injunction. (Docket No 6.) The Court denied Plaintiff's request for a TRO, but set a briefing schedule and hearing date on the request for a preliminary injunction. (Docket No. 9.) Having considered the parties' briefing and oral argument of counsel, the Court **DENIES** Plaintiff's request for a preliminary injunction as moot.

### BACKGROUND[1]

      Plaintiff alleges the Department created a Facebook fan page inviting users to post comments, but had a policy and custom of deleting unfavorable comments. The

---

[1] The summary provided is drawn from the allegations of Plaintiff's First Amended Complaint ("FAC") and declarations provided by both parties.

- 1 -

Department's posted policy concerning comments on the page asks that postings "remain civil, respectful and on-topic" and that "[c]omments on topics outside these postings may be directed to the Sheriff's Department via http:///www.sdsheriff.net/."

Plaintiff alleges that on two occasions his posted comments were removed. On September 2, 2014, Plaintiff posted a comment that was removed within an hour and he was banned from further posting. He does not allege the contents of that comment or what Department topic it was posted under.

The second comment was posted on September 3, 2014 — using an alias because he had been banned under his own name — and read, "Sheriff Gore: Do you plead the 5th about your involvement in the MURDER of an unarmed woman who was holding her baby? REMEMBER RUBY RIDGE." Less than an hour later, the comment was removed. Plaintiff posted this comment under the topic #Brake4Buses (an article about North Carolina drivers breaking school bus traffic laws over 3,000 times). Plaintiff was unsuccessful in having his comments restored or regaining his ability to post comments on the site despite a phone call and a letter to the Department.

Plaintiff further alleges that public awareness of this litigation resulted in the posting of hundreds of comments on the page that were deleted by the Department and that the Department then suspended the page. The Department has confirmed that the page was permanently closed. In support of its Opposition, the Department filed a Declaration by San Diego County Sheriff's Department Public Affairs Officer Jan Caldwell stating that "[o]n October 31, 2014, the Sheriff's Department permanently closed its Facebook page to avoid the time, expense and hassle necessary to enforce the Department's policies regarding comments to its Facebook page."

Plaintiff seeks a preliminary injunction from the Court: (1) ordering the Department to restore Plaintiff's deleted posts to the page; (2) ordering the Department to allow Plaintiff to post comments on the page; and (3) prohibiting the Department from removing posts from the page.

///

## DISCUSSION

In opposing Plaintiff's request for a preliminary injunction, the Department asserts the request for injunctive relief is moot because the page has been permanently closed. The Department's briefing focuses on whether the Department can close the page. As explained below, the Court finds that under the circumstances of this case, the Department can close the page. Additionally, the Court finds that the Department's permanent closure of the page renders the request for injunctive relief moot.

### I. Closing the Page

Plaintiff has asserted this page was a limited or designated public forum. When the government creates a designated or limited public forum, "[t]he government may . . . close the for[um] whenever it wants." *Currier v. Potter*, 379 F.3d 716, 728 (9th Cir. 2004) (citing *Perry Educ. Ass'n v. Perry Local Educator's Ass'n*, 460 U.S. 37, 46 (1983)). Assuming the Department created a designated or limited public forum by "express dedication of its property to expressive conduct" — the standard for creation of a designated public forum — as Plaintiff asserts, the Department could also close it. *Id*; *see also DiLoreto v. Unified Sch. Dist. Bd. of Educ.*, 196 F.3d 958, 970 (9th Cir. 1999) ("The government has an inherent right to control its property, which includes the right to close a previously open forum"). Because the Department can close the page, the question now before the Court is whether the Department's closure of the page moots Plaintiff's request for injunctive relief.

### II. Mootness

If the Court were to grant Plaintiff's requested injunctive relief, it would only apply if the Department chose to reopen the page because the page is currently closed. However, this is not enough to moot Plaintiff's request for injunctive relief because hypothetically, the Department could reopen the page and resume the conduct alleged by Plaintiff. This is why "[t]he voluntary cessation of challenged conduct" does not generally moot the issue. *Rosebock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (quoting *Knox v. Servs. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012)).

However, an issue may become moot when "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Courts "presume that a government entity is acting in good faith when it changes its policy, but when the Government asserts mootness based on such a change it still must bear the heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Id.*

The Ninth Circuit has "not set forth a definitive test for determining whether a voluntary cessation" through a policy change — as distinguished from a statutory or ordinance change — moots a request for injunctive relief. *Id.* at 972. However, in a recent decision the court compiled a list of factors that, if present, suggest "that mootness is more likely[:] (1) the policy change is evidenced by language that is broad in scope and unequivocal in tone; (2) the policy change fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case; (3) the case in question was the catalyst for the agency's adoption of the new policy; (4) the policy has been in place for a long time when we consider mootness; and (5) since the policy's implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff." *Id.* at 972 (internal citations and quotation marks omitted). The court also noted that mootness is less likely if the new policy could be easily abandoned. *Id.* (quoting *Bell v. City of Boise*, 709 F.3d 890, 901 (9th Cir. 2013)).

As to the first factor, the Department's "policy change is evidenced by language that is broad in scope and unequivocal in tone." The complete closure of the page is a very broad response to the issues raised by Plaintiff. The declaration from the Department is also unequivocal in that it has "permanently closed its Facebook page." Additionally, as to the fifth factor, the Department has kept the page closed and has not engaged in any of the conduct Plaintiff challenged in this case since the page was closed.

As to the second factor, while the permanent closure of the page does not address the Department's prior conduct against Plaintiff, it does address the Department's objectionable conduct going forward, the subject of injunctive relief. In *Rosebrock*, the court found that "[w]ith the fence effectively closed as a forum for speech, the VA cannot engage in viewpoint discrimination with regard to the speech allowed in this forum." *Id.* at 973. Similarly, here the Department will not be able to engage in the viewpoint discrimination alleged by deleting negative comments or restricting who can post because the entire page has been closed as a forum for speech.

As to the third factor, this case was the catalyst for the Department's permanent page closure. Rather than attempt to enforce the policy challenged in this case, the Department abandon the Facebook page entirely. As in *Rosebrock*, the policy change came "shortly after [Plaintiff] filed suit," four days after the initial Complaint was filed. *Id.* at 974. Additionally, while the Department's declaration identifies "the time, expense, and hassle necessary to enforce the Department's policies regarding comments to the Facebook page" as the reason for the closure, the maintenance of the page under the Department's policy only became an issue when others, in the form of hundreds of postings, became aware of this litigation.

The only factor that does not weigh in favor of a finding of mootness is the length of time the page has been closed. The page was only recently closed. However, it would be the rare occasion that a request for preliminary injunctive relief could be mooted by a policy change that has been in place for a long period of time. By its very nature, preliminary injunctive relief is sought to restrict objectionable conduct at the outset of litigation and any policy change prompted by the litigation could only be in place for a short period of time, as here.

As in *Rosebrock*, this Court acknowledges "that there are no procedural safeguards in place preventing [the Department] from changing course, a factor that countenances against mootness." *Id.* However, "in light of the presumption that the Government acts in good faith, [courts] have previously found the heavy burden of

demonstrating mootness to be satisfied in 'policy change' cases without even discussing procedural safeguards to the ease of changing course." *Id.* Additionally, the Court finds it unlikely that the Department would commit to this Court that its closure is permanent just to avoid preliminary injunctive relief and then reverse course, particularly given the practical problems the Department faced in managing the page.

## CONCLUSION

Plaintiff's request for preliminary injunctive relief is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: 1/05/15

Hon. Roger T. Benitez
United States District Judge